IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MEADE COMMUNITIES, LLC,
   *Plaintiff*,

v.                                            Civil Action No. ELH-21-1976

CASANDRA JONES
   *Defendant.*

**MEMORANDUM**

Plaintiff Meade Communities, LLC ("Meade") filed suit against defendant Casandra Jones on August 5, 2021, alleging breach of contract for failure to pay rent and failure to vacate the property known as 3060 Mower Court, #A, Fort Meade, Maryland 20755. ECF 1, ¶¶ 2, 5-14. The Complaint is accompanied by three exhibits. *See* ECF 1-2; ECF 1-3; ECF 1-4.

Summons was returned executed on August 27, 2021. ECF 4. It reflects that service was personally effected on plaintiff on August 26, 2021. *Id.*

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant must respond to a suit within twenty-one days after being served with a summons and complaint. *See* Fed. R. Civ. P 12(a)(1)(A)(i). Jones did not respond to the Complaint by the due date of September 16, 2021. *See* Docket.

On October 11, 2021, Meade filed a "Motion For Entry Of Default." ECF 5. It is supported by two exhibits. ECF 5-1; ECF 5-2. And, on October 20, 2021, the Clerk entered default, pursuant to Fed. R. Civ. P. 55(a) (ECF 6) (the "Entry of Default"). The Clerk also mailed s notice of the same to defendant. ECF 7 (the "Notice"). The Notice informed Jones that she had 30 days in which to file a motion to vacate the Entry of Default. *Id.*

Jones, who is self-represented, filed a "Notice To Vacate Order Of Default" on November

19, 2021. ECF 8 (the "Motion").  Defendant advises that she "is a medically retired disabled vet who's [sic] only income is [her] VA Disability . . . which is around $3,200 monthly . . . ." *Id.* at 4.  Further, defendant advises that she has two young children, one of which [sic] is an infant." *Id.* In the Motion, defendant advances a number of claims against Meade concerning the property, and contextualizes her failure to file a timely response to the Complaint. *Id.* at 2-4.  In addition, the Motion incorporates a memorandum from Abike Mohammed, an "Aftercare Case Manager with U.S. VETS in Washington D.C," who had been working with Jones to stabilize her housing situation. *See id*. at 5.

Pertinent here, Jones avers that in or around April 2021, she contracted COVID-19 while she was four-months pregnant.  *Id.* at 2.  As a result, she was hospitalized for a period of one month.  *Id.*  During this time, her house was flooded with sewage.  *Id.*  Notably, plaintiff indicates that this was the fifth time her house had flooded in a two-year period.  *Id.*  Thereafter, she was forced to pay for "hotel stays while the house was being cleaned."  *Id.*   And, it appears that defendant claims that she requested plaintiff  to compensate her "for this final flood because [her] renter's insurance . . . had cancelled [her] policy" after her house had flooded for the third time. *Id.*

In or around May 2021, Jones "informed Meade communities that [she] could no longer afford [her] rent," because of the wages she lost while she was hospitalized with COVID-19.  *Id.* Around the same time, plaintiff claims her sister was hospitalized, and plaintiff had to assume the care of her young nephew.  *Id.*  Apparently, the defendant's sister subsequently died.  *Id.* at 3.

Thereafter, in or around June 2021, plaintiff sought rental assistance through the Department of Veterans Affairs.  *Id.*  As a result, Jones was contacted by the Support Services for

Veterans Families ("SSVF"). *Id.*[1] About two months later, Jones was "referred to a local SSVF in Anne Arundel County to get rental assistance relief to pay [her] unpaid balance." *Id.*

Defendant indicates that around the same time, in August 2021, "a summons was served with no signatures, and [she] was advised by the SSVF that the letter that was served was for notification of an attempt to take [her] to court . . . ." *Id.* When Jones "reached out to the attorney office [of the SSVF] for more guidance, [she] never received a call back." *Id.*

Soon thereafter, Jones "delivered [her] child prematurely and remained hospitalized with [her] son until he was released." *Id.* And, defendant notes that in September 2021, "SSVF contacted Meade Communities, to make arrangements for payment . . . ." *Id.* But, Jones was subsequently informed that she could not obtain any rental assistance because her monthly rent exceeded SSVF's rental assistance limit. *Id.* Jones maintains that Meade exaggerated her monthly rent to SSVF by about $230. *Id.*

According to Mohammed, an official with SSVF contacted Meade to determine if Meade would be willing to reduce Jones's monthly rental payment by $97, which would have made Jones eligible for rental assistance. *Id.* at 5. But, plaintiff refused to do so. *Id.* As a result, SSVF was unable to assist Jones in reducing her outstanding debt. *Id.*

Nonetheless, Jones notes that as of November 2021, when she filed the Motion, she was

---

[1] The Court may take judicial notice of "'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015); *see* Fed. R. Evid. 201(b).

According to a fact sheet published by the Department of Veterans Affairs, "[t]he SSVF program . . . provides supportive services to very low-income Veteran families that are currently in or transitioning to permanent housing. . . . Funds are granted to private non-profit organizations and consumer cooperatives that will assist very low-income Veteran families by providing a range of supportive services designed to promote housing stability." *SSVF Fact Sheet*, U.S. DEP'T OF VET. AFFAIRS, https://www.va.gov/HOMELESS/ssvf/docs/SSVF_Fact_Sheet.pdf.

still actively working with rental assistance organizations to pay Meade. *Id*. at 4. To that end, according to Mohammed, Jones "completed another intake with SSVF on November 18, 2021, for rental assistance." *Id.* at 5.

Rule 55(c) of the Federal Rules of Civil Procedure states, in part: "The Court may set aside an entry of default for good cause . . . ." In *Payne ex rel. Estate of Calzada v. Break*, 439 F.3d 198, 203 (4th Cir. 2006), the Fourth Circuit instructed:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*See also Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

"All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party." *Armor v. Michelin Tire Corp*., 113 F.3d 1231, at *2 (4th Cir. 1997). Here, Jones has presented an explanation as to why she was unable to provide the Court with a timely response to the Complaint. She states that at the time service was effectuated, she was hospitalized following the premature delivery of her child. ECF 8 at 3. In addition, Jones indicates that she remained in the hospital for a period thereafter, until her infant son was released. *Id.*

Furthermore, Jones acted with reasonable promptness. She filed the Motion within the 30-day window to move to vacate the Clerk's Entry of Default. And, given the early stage of this litigation, there is no prejudice to Meade from the brief delay. Nor is there any indication that Jones was acting in bad faith.

To be sure, a "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F.Supp. 2d 418, 421 (D. Md. 2005). Nevertheless, the Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, "default should be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417. *See also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *Tazco, Inc. v. Director, Office of Workers' Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989).

Accordingly, in the exercise of my discretion, and in the interest of permitting the claims and defenses in this litigation to be resolved on their merits, I shall grant the Motion and vacate the Clerk's Entry of Default. And, I shall grant Jones until February 25, 2022, to respond to the Complaint.

An Order follows.

Date:  February 3, 2022                    /s/
                                          Ellen Lipton Hollander
                                          United States District Judge